(No. 74-345— ▮▮▮▮▮▮▮▮▮▮)

WILLIAM H. F. BRANDING, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed June 9, 1977.*

DAILEY & WALKER, by MAURICE DAILEY, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

SPIVACK, J.

Claimant seeks to recover from the State the value of a portion of his soybean crop which was destroyed by flooding in the years 1973 and 1974, the flooding having been caused by the State's negligent construction of a highway which bisects Claimant's land.

A hearing was conducted by Commissioner Godfrey who heard the testimony of the various witnesses; thereafter, Claimant filed his brief and argument; Respondent did not file a reply thereto, nor a brief upon the applicable law. In due course, Commissioner Godfrey filed his report which is, together with the transcript and pleadings, now before the Court. The material facts determined by the Commissioner are as follows:

Claimant owned a farm located in Madison County, Illinois. Respondent, sometime prior to 1973, obtained a parcel of land from Claimant which bisected said farm. In the course of construction of a highway on said acquired land, Respondent caused to be installed a culvert under the highway in the line of natural water flow. Claimant testified that he was 84 years old and had owned the property for 61 years. During all of these years, he once lost one-fourth of an acre on account of water damage. The water always drained to the southeast. In 1973, after two heavy rains, the east side of the culvert was dry, while there were 11-3/4 inches of water in the pipe on the west side, and the soybeans were half under water. Ralph Beckman who had farmed the land for 15 years also testified that the natural flow of water was from the northwest to the southeast. Further, that during the time he farmed the land, he had lost no more than an acre or so of land due to water damage. He

stated that after the culvert was installed, the water no longer flowed in the same direction because the culvert was higher on the east side than on the west side.

On the question of damages, Mr. Beckman testified that the reasonable value of the crop destroyed in 1973 was $3,545.21, and in 1974 was $1,633.00. No testimony was introduced by Respondent substantially disputing that the crops had indeed been destroyed by water, nor the market value thereof.

There seems to be no question about the statutory and case law applicable to the facts at bar. Ill.Rev.Stat., Ch. 42, §12-4, provides, inter alia:

Whenever a natural drain . . . crosses a public highway . . . the highway authority . . . shall construct and thereafter keep in repair and maintain a bridge or culvert of sufficient length, depth, height above the bed of the drain or ditch, and capacity to serve the needs of the public with respect to the drainage of the lands within the natural watershed of such drain, not only as such needs exist at the time of construction, but for all future time.

This Court has also long held that one who negligently alters the natural flow of water on the property of an adjacent landowner, thereby causing damage, is liable to such abutting landowner. *Emerson v. State,* Ill.Ct.Cl. 5877; *Kroencke v. State,* Ill.Ct.Cl. 5439.

It is the finding of this Court that Claimant has proved by a preponderance of the evidence that the State's construction of the highway bisecting Claimaint's land was performed in a negligent manner proximately causing the alteration of the natural flow of rainwater which in turn was the direct cause of the flooding of Claimant's land and destruction of his crops.

Accordingly, Claimant, William H. F. Branding, is hereby awarded the sum of Five Thousand One Hundred Seventy-Eight and 21/100 Dollars ($5,178.21).