(No. 90-CC-0990–)

VIC ECKMANN and THE BOATMEN'S NATIONAL BANK OF ST. LOUIS, as Executor of the Estate of William Cherrick under Letters of Office Issued August 14, 1987, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 4, 1993.*

STERLING & KELLEY (HARRY STERLING, of counsel), for Claimants.

ROLAND W. BURRIS, Attorney General (CAROL BARLOW, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

Claimant once again brings an action for damages as a result of flooding on his farmland. He claims he suffered property and crop damage as a direct and proximate result of the negligence committed by the State of Illinois and Department of Transportation.

In April 1986, and again in the fall of 1986, the Illinois Department of Transportation acquired a temporary construction easement to clean out part of the Schneider Ditch and construct Interstate 255. The ditch runs west from its origin under Interstate 255, under a road called Black Lane, and next to the Claimant's land, where it takes a turn south, and finally drains into Brushy Lake. After completion of the construction, and the cleaning of part of the ditch, the flow of water through the ditch increased.

Claimant is an experienced farmer who operates his own irrigation business. Claimant and his father warned representatives of the Department of Transportation that their property would be flooded due to the increased velocity of water running through the ditch if a pumping

station was not installed where the Schneider Ditch curves from west to south. The Department did not install the pump, and consequently the Claimant's 40-acre tract of farmland was flooded in October 1986, and again in July 1987.

Claimant brought suit for damages suffered in the 1986 and 1987 floods in this Court. This Court held that the State was negligent in its construction of Interstate 255, and the accompanying cleaning of Schneider Ditch. The one who negligently alters the natural flow of water on the property of an adjacent landowner, and thereby causes damages, is liable to the adjacent landowner. (*Mount v. State* (1977), 31 Ill. Ct. Cl. 299; *Branding v. State* (1977), 31 Ill. Ct. Cl. 455.) In awarding damages to the Claimant in the former case, the Court considered contributory negligence. It was alleged that the Claimant failed to clean out the five-foot diameter culvert under his farmer's field road prior to the floods. Accordingly, the Court reduced the actual damages in the prior case as a result of the contributory negligence.

Once again, the Claimant has suffered damages as a result of the State's negligence in its construction of Interstate 255 and the cleaning of the ditch. The Claimant's land was flooded again in March 1989. Prior to that flooding, the Court had already determined that the State was negligent in its construction of the interstate and the cleaning of the ditch.

The Claimant has presented adequate and substantial proof that, as a result of the flooding on this occasion, he has suffered a reduced yield of 59.91 bushels of wheat per acre on 40 acres at a price of $3.80 per bushel. This computes to a total monetary loss of $9,106.32. Claimant additionally expended money in pumping water off the

40-acre tract in an effort to mitigate the damages. He used 250 gallons of diesel fuel at a cost of 74 cents a gallon, 48 hours of labor at $7.50 an hour, and rented a water pump for three days at $200 per day. The total pumping cost was $1,145.

Claimant's damages were reduced in the prior case before this Court because of his failure to clean out a culvert underneath his farm road. There was no evidence at this hearing that the culvert contributed to the flooding. In fact, the only evidence brought forth at the hearing before the commissioner of this Court was that the culvert was not the problem. Therefore, the Claimant's contributory negligence in this case will be zero. The Claimant is awarded the sum of $10,251.32.